IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00124-WJM-CBS

BILLY DON HARRIS,
    Plaintiff,
v.

UNITED STATES OF AMERICA,
    Defendant.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on: (1) Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) & Fed. R. Civ. P. 12(b)(6) (doc. #13) filed on May 2, 2011; and (2) Defendant's Motion to Transfer Venue (doc. # 18) filed on May 18, 2011. Pursuant to the Memoranda dated May 17, 2011 (doc. #17) and May 18, 2011 (doc. # 19), these matters were referred to the Magistrate Judge. Plaintiff filed his Response to the Motion to Dismiss (doc. #14) on May 16, 2011. Defendant filed its Reply (doc. # 23) on May 31, 2011. Plaintiff filed his Response to the Motion to Transfer Venue (doc. # 22) on May 26, 2011. Defendant filed its Reply (doc. # 26) on June 10, 2011. Plaintiff filed what the court treated as Surreplies to the Motions (docs. ## 27, 30-1) on June 10, 2011 and June 22, 2011. Having carefully considered the arguments presented in the parties' briefs, as well as the applicable case law, this court recommends that the Motion to Dismiss be granted and the Motion to Transfer Venue be denied as moot.

**Factual Background**

Plaintiff Billy Don Harris ("Mr. Harris"), is an inmate in the custody of the Federal Bureau of Prisons ("FBOP"). On January 18, 2011, Mr. Harris filed a Complaint under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1) ("FTCA"), alleging negligence in the failure to properly diagnosis any injury to his left ankle. While incarcerated at the Federal Correctional Institution in Elkton, Ohio ("FCI Elkton") Mr. Harris sought medical treatment for a running injury to his left ankle. *See* Complaint (doc. #1), at 3. Mr. Harris states that starting on May 11. 2007, he "[sought] help for a 'swollen and red' ankle." *Id.* Mr. Harris alleges that medical staff refused his request for an x-ray and diagnosed his ankle injury as a "sprain." *Id.* On May 15, 2007, the medical staff x-rayed Mr. Harris's right ankle, but did not x-ray his "sore [left] ankle." *Id.* The Complaint alleges that Plaintiff sought medical treatment for his left ankle five more times at FCI Elkton, on August 27, 2007; October 26, 2007; June 23, 2008; October 6, 2008; and June 6, 2009. *Id.* at 9. On June 30, 2009, Plaintiff was transferred to the Federal Correctional Institution in Florence, Colorado ("FCI Florence"), where his left ankle was x-rayed. *Id.* According to the Complaint, "the x-ray showed 'multiple fractures' and 'incorrect healing.'" *Id.*

**Analysis**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted if the court does not have subject matter jurisdiction over the matter. The determination of subject matter jurisdiction is a threshold question of law. *Madsen v. United States, ex. rel. U.S. Army Corps of Eng'rs*, 841 F.2d 1011, 1012 (10th Cir. 1987). As courts of limited jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. Const. Art. III, §2; *Morris v. City of Hobart*, 39 F.3d

2

1105, 1111 (10th Cir. 1994). The court applies a rigorous standard of review when presented with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *Consumers Gas & Oil, Inc. v. Farmland Indus., Inc.,* 815 F. Supp. 1403, 1408 (D. Colo. 1992). "[T]he party invoking federal jurisdiction bears the burden of proof." *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

"Motions to dismiss pursuant to Rule 12(b)(1) may take two forms." *Amoco Prod. Co. v. Aspen Group*, 8 F. Supp. 2d 1249, 1251 (D. Colo. 1998). First, a party may attack the facial sufficiency of the complaint and the court must accept the allegations of the complaint as true. *Id.* Second, a party may attack the factual assertions regarding subject matter jurisdiction through affidavits and other documents, and the court 'has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). The court can consider such extraneous materials under Rule 12(b)(1) without converting a motion to dismiss into a motion for summary judgment. *Cf. King v. United States*, 53 F. Supp. 2d 1056, 1064 (D. Colo. 1999), *rev'd in part on other grounds*, 301 F.3d 1270 (10th Cir. 2002); *Zerr v. Johnson*, 894 F. Supp. 372, 375 (D. Colo. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6). *See also Goldman v. Belden*, 754 F.2d 1059, 1065 (2d Cir. 1985) ("[A] rule 12(b)(6) motion is addressed to the face of the pleading."). The court must accept the well-pleaded allegations of the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006). However, to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a

claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). A complaint must set forth sufficient facts to elevate a claim above the level of mere speculation. *Robbins*, 519 F.3d at 1247. While *pro se* pleadings should be "construed liberally and held to a less stringent standard than formal proceedings drafted by lawyers," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), that standard does not override a *pro se* plaintiff's responsibility to provide a simple and concise statement of his claims and the specific conduct that gives rise to each asserted claim. *See Willis v. MCI Telecomms.*, 3 F. Supp. 2d 673, 675 (E.D.N.C. 1998). This court cannot be a *pro se* litigant's advocate. *Bellmon*, 935 F.2d at 1110. Just as importantly, the court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways a plaintiff has not asserted. *Associated General Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

      The United States is immune from suit unless it has consented to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The FTCA constitutes a limited waiver of the United States' sovereign immunity for suits seeking money damages "for injury or loss of property, or personal injury or death caused by the negligent wrongful act or omission of" a federal employee acting within the scope of his or her employment. 28 U.S.C. § 1346(b). The terms of the FTCA waiver define the parameters of a court's subject matter jurisdiction. *United States v. Orleans*, 425 U.S. 807, 813-14 (1976).

      Defendant has moved to dismiss Plaintiff's claim under the FTCA, arguing that Mr. Harris has not met the jurisdictional prerequisites, because Plaintiff failed to file his FTCA claim

within the statute of limitations. The statute of limitations provision states that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The timeliness of a FTCA claim is "one of the conditions of the government's waiver of sovereign immunity . . . and the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the FTCA's timing requirements set forth in" 28 U.S.C. § 2401(b). *In re Franklin Sav. Corp.*, 385 F.3d 1279, 1287 (10th Cir. 2004). Thus, the court must determine when Mr. Harris's claim accrued.

A medical malpractice claim pursuant to the FTCA accrues when the plaintiff knows or through the exercise of due diligence should have known of the existence and cause of the injury. *United States v. Kubrick*, 444 U.S. 111, 123 (1979); *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991). The test is whether a reasonable person would have known of the injury. *Arroyo v. United States*, 766 F.2d 1416, 1422-23 (10th Cir. 1985). A FTCA claim accrues when a "plaintiff [is] in possession of the critical facts that he has been hurt and who has inflicted the injury." *Kubrick*, 444 U.S. at 122.

Plaintiff alleges that his claim arises from a failure to correctly diagnosis his injured ankle in May 2007. Mr. Harris asserts that he did not know of his cause of action until he had an x-ray on June 30, 2009, at FCI Florence. *See* Complaint (doc. #1), at 4. Plaintiff argues that his injury was "unknown" and "unknowable" and did not accrue until the June 2009 x-ray revealed multiple fractures that had healed incorrectly, and therefore, his claim filed on January 18, 2011, is timely. The court disagrees. Based on Plaintiff's own allegations, Mr. Harris first sought medical assistance in May 2007 for his "'swollen and red' [left] ankle."[1] *Id.* at 3. Plaintiff

---

[1] "At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiff can prove no set of facts that

alleges that at that time, medical staff "refused to take an x-ray." *Id.* Mr. Harris asserts that he was not given an x-ray until his transfer to FCI Florence in June 2009. On November 11, 2010, Mr. Harris filed an administrative claim, which was denied on December 23, 2010, as time barred.

Plaintiff's injury accrued on or about May 11, 2007, when Mr. Harris first sought medical assistance and the medical staff at FCI Elkton failed to x-ray or diagnose the fracture. The continued pain and swelling in his left ankle provided sufficient notice that his injury was not being properly diagnosed. As Plaintiff states, "anyone with even a modicum of intelligence knows that when a person has injured an ankle and pain and swelling continue, at the very least an x-ray ought to be taken." *Id.* at 4. Mr. Harris had an affirmative duty to exercise reasonable diligence in inquiring about the cause of injury. *Arroyo*, 766 F.2d at 1422. *See also McKinney v. United States*, 2011 WL 2315196, at *2 (10th Cir. 2011) ("[A]n FTCA claim accrues at the time when a reasonably diligent plaintiff would have known of the injury and its cause."); *Harris v. United States*, 2010 WL 2861536, at * 4 (D. Colo. 2010) ("Plaintiff knew or had reason to know [ ] the nature of his injury and the cause of the injury at his second appointment seeking treatment for the same medical condition . . . Plaintiff knew that his pain was ongoing and that he was not given a diagnosis of osteoporosis at any of the four [medical] visits."); *Oberlin v. United States*, 727 F. Supp. 946, 948 (E.D. Pa. 1989) (The FTCA "statute of limitations begins to run

---

toll the statute." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n. 13 (11th Cir. 2005) (internal quotation marks and citations omitted). *See also United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (complaint may be dismissed where the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (citation omitted); *Bullington v. United Air Lines Co.*, 186 F.3d 1301, 1310 n. 3 (10th Cir. 1999) (noting "that Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period") (citation omitted), *implicitly overruled on other grounds as recognized by Boyer v. Cordant Technologies*, 316 F.3d 1137, 1140 (10th Cir. 2003).

when the tort claimant has reason to know that an act or omission by the government medical personnel had been the cause of the injury.") (citation omitted); *Siegel v. Warner-Lambert Co.*, 1993 WL 462864, at *2 (Ohio Ct. App. 1993) ("A cause of action for medical malpractice accrues and the statute of limitations begins to run when the *patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury*." (emphasis in original).[2]

In short, the pleadings demonstrate that Plaintiff failed to file his FTCA claim within the time limits required, and therefore, his claim is time barred. Accordingly, IT IS RECOMMENDED that:

1. Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) & Fed. R. Civ. P. 12(b)(6) (doc. #13) filed on May 2, 2011 be GRANTED; and

2. Defendant's Motion to Transfer Venue (doc. # 18) filed on May 18, 2011 be DENIED as moot.

**Advisement to Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's

---

[2] Although Federal law defines the limitation period and determines when the cause of action accrues, the District court applies Ohio state law in determining whether there is an underlying cause of action under the FTCA. *See Miller v. United States*, 932 F.2d 301, 303 ("State law determines whether there is an underlying cause of action; but federal law defines the limitations period and determines when that cause of action accrued.").

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado this 11th day of January, 2011.

BY THE COURT:

　　　s/Craig B. Shaffer　　　
United States Magistrate Judge